JAMES HINCHEY *vs.* RHODE ISLAND COMPANY.

JUNE 27, 1910.

PRESENT: Dubois, C. J., Blodgett, Johnson, Parkhurst, and Sweetland, JJ.

(1) *Electric Railways. Excessive Speed. Negligence.*

In the absence of statute or ordinance regulating the speed of electric cars, it is nevertheless true that they may be operated at an excessive speed, depending upon the circumstances. A rate of speed allowable under certain circumstances would be grossly excessive under others.

(2) *Same.*

Where a declaration charged excessive speed of an electric car, under circumstances set out therein, a request to charge the jury that there was no evidence that the car was proceeding at an unlawful or excessive speed was properly refused.

(3) *Negligence. Electric Railways. Common Traveling Pace.*

A count alleging that a car was operated at 35 miles an hour, and later that it was operated at a rate of speed "greater than a common traveling pace," does not justify the conclusion that the count is based upon Pub. Laws, cap. 925, amending Gen. Laws, 1896, cap. 74, § 5 (of riding and driving in the streets of Providence, Newport, etc.), there being no clear indication that it was based on said statute, and other circumstances negativing such conclusion.

TRESPASS ON THE CASE for negligence. Heard on exceptions of defendant, and overruled.

SWEETLAND, J. This is an action of trespass on the case for negligence, brought to recover damages for personal injuries.

The plaintiff claims that at about 8:25 o'clock P. M., September 7, 1906, while crossing the track of defendant corporation, at a driveway leading over the track and a culvert into a yard near County street, on the southerly side of Waterman avenue, in East Providence, he was struck by a box freight car, which was traveling, without a headlight or other visible lights, without sounding a bell or whistle, and without giving warning otherwise of its approach, at a very high rate of speed; and by this freight car was thrown a distance over thirty feet and under its wheels, crushing his left arm, requiring its amputation above the wrist, breaking his nose, and otherwise injuring him.

The plaintiff testified that he had reached this place on his way homeward, from his day's work, by walking along the northerly side of Waterman avenue until he reached a point opposite the westerly end of the house in the yard into which the driveway led, where he changed his course from eastward to southeastward diagonally across the road, his purpose being to cross the driveway over the deep gutter to the sidewalk on the south side of Waterman avenue, there being no sidewalk, on the north side, east of this point. As he changed his course he heard a buzzing sound, such as is made by a trolley car or automobile, in the distance. As he walked across the road he looked ahead to see if either car or automobile was coming toward him. Seeing none, he looked backward without discovering any. He thereupon concluded that the noise he heard was caused by car or automobile on Taunton avenue to the north, or Warren avenue to the south, and continued forward with his eyes to the front. As he advanced, he claims that everything in front of him, below the top of the trees, was enshrouded in great darkness. When he was midway between the rails the denser blackness of a large telegraph pole, with the location of which he was acquainted, warned him to avoid the deep gutter on the other side of the road between the car track and the sidewalk, and he slightly changed his course. Before he had taken a second step he was struck by the car, which came out of the darkness without giving any warning of its approach.

The case was tried in the Superior Court before Mr. Justice Rathbun and a jury. A verdict was rendered for the plaintiff for forty-five hundred dollars. The case comes to this court upon exceptions taken by the defendant to certain rulings and instructions of the justice presiding, and to the refusal of said justice to direct a verdict for the defendant, and to the decision of said justice denying a motion for a new trial.

A number of exceptions to the rulings of said justice, upon the admissibility of evidence, appearing upon the defendant's bill of exceptions, are not pressed before this court.

The defendant excepted to the refusal of said justice to instruct the jury as follows: "The second count of the declaration charges excessive speed. There is no evidence in this case that the car was proceeding at an unlawful or excessive speed. I charge you, therefore, that you shall disregard the second count of the declaration."

(1) This accident occurred in a country district of East Providence. There does not appear to be any statute or ordinance regulating the speed of electric cars at this point. Nevertheless, cars may be operated at that place at an excessive rate of speed. Whether a rate of speed, in the absence of positive regulation, is proper or excessive, depends upon the circumstances. A rate of speed which would be allowable in the daytime, or at night with a brightly-lighted car with a headlight in operation, would be grossly excessive for a close box freight car on a dark night, without a headlight, and with no warning given of its approach. The second count of the declaration charges excessive speed with the attendant circumstances here stated. The refusal to charge the jury as requested was proper. The instruction of the court to the jury, on the question (2) of speed, was a correct statement of the law applicable to the testimony. The court said: "Under certain circumstances, it is the duty of the motorman to slow down the car and to run at a lower rate of speed. There is no testimony in this case as to excessive and negligent rate of speed, taken in and by itself. If the car was carrying a headlight, if it gave any other reasonable warning of its approach, I will charge you that there is no-

testimony to warrant a verdict on excessive speed alone.  Of course if the car was proceeding without a headlight, the circumstances would be entirely different.  If it became necessary to propel a car without a headlight, it would be necessary, in those circumstances, to run at a much less rate of speed. So your attention would be first drawn as to whether the car was carrying a headlight or whether it gave any other reasonable warning of its approach, as by ringing the bell or blowing the whistle."

The defendant excepted to the refusal of said justice to instruct the jury as follows:  "The second count of the plaintiff's declaration, charging that the car of the defendant was proceeding on Waterman avenue faster than a common traveling pace, is based upon a statute of this State (cap. 925 of the Public Laws of this State).  This statute does not apply to the running of cars on tracks propelled by electricity, and the jury is instructed to disregard the second count in the consideration of this case."

(3)     It would have been error for the court to have instructed the jury, as requested, that the second count of the declaration was based upon chapter 925 of the Public Laws.   Pub. Laws, cap. 925, amending Gen. Laws (1896), cap. 74, § 5, now cap. 87, § 5, Gen. Laws (1909), is as follows:  "Every person who shall ride or drive faster than a common traveling pace, in any of the streets of Newport or Providence, or in the compact part of any town or village in the state, or in any road leading from Pawtuxet to the compact part of Providence, shall, unless justifiable cause be made to appear for such riding or driving, be fined not less than five dollars nor more than twenty dollars or imprisoned not exceeding ten days for each offence; one-half of said fine to the use of the complainant and one-half thereof to the use of the town where the offence was committed." Said count does not by reference allege that the violation of duty complained of was a violation of duty imposed by said statute.   The plaintiff in said count alleges that said car was operated "at a rate of speed of, to wit, thirty-five miles an hour," and later in said count he alleges that said car was

operated at a rate of speed "greater than a common travelling pace." The words "common travelling pace" occur in said statute, and penalties. are prescribed for the punishment of persons who shall ride or drive faster than that pace in certain localities. It is not clear as to exactly what the pleader intended by this expression, "greater than a common travelling pace." But the conclusion is not justified that the plaintiff was basing the count upon the statute. The defendant is right in its contention that this statute does not govern the operation of street railway cars. Unless the plaintiff clearly indicated that he was doing so, we should not hold that he was taking as the foundation of his declaration a statute which had no reference to the facts of his case. Other circumstances negative the conclusion that the count was based upon the statute. The statute deals only with riding and driving in the streets of the cities of Newport and Providence or in the compact part of any town or village or on any road leading from Pawtuxet to Providence. In the face of these plain provisions, limiting the operation of the statute, the court should not find, from what appears, that the plaintiff was under the misapprehension that said public law was intended to regulate the speed of a street railway car on this country road, outside the compact part of any village or town.

The defendant has excepted to the decision of said justice denying its motion for a new trial. The plaintiff claimed that the defendant was negligent because there was no headlight on the car at the time of the accident, because the motorman gave no signal by sounding the whistle or the bell while approaching the place of the accident in the darkness, and because the car was traveling at a rate of speed which was excessive in the circumstances of the case. The defendant, while denying these charges of negligence on its part, also defends on the ground of contributory negligence in the plaintiff in that he came upon the track while he was under the influence of liquor and unable to take care for his own safety; that it was not so dark but that he could have seen the car approaching before he went upon the track; and that he could have heard the car

if he had been sober and giving proper attention to his own safety. Upon each of these issues the testimony was conflicting, and on each issue there was substantial testimony supporting the contention of the plaintiff. The jury found for the plaintiff, and the justice who sat at the trial and heard the testimony has refused to set the verdict aside. In these circumstances this court will not disturb it.

Defendant's exceptions are overruled. The case is remitted to the Superior Court with direction to enter judgment upon the verdict.

*Edward M. Sullivan, James J. McCabe,* for plaintiff.

*Joseph C. Sweeney, Clifford Whipple,* for defendant.